COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of JOSEPHINE AVITTO, Respondent, v. JOSEPH SERINO, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn, adjudging defendant to be the father of the child of complainant and directing him to pay the sum of five dollars weekly from the date of the birth of said child for and towards its support and education until the child shall have reached the age of sixteen years, and requiring the defendant to enter into an undertaking in the sum of $500 for the fulfillment of the order, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

LOUIS GLANTZ, Appellant, v. THE JOHN VAN RANGE COMPANY, HILBERT I. TRACHMAN and IRVING R. KROSNER, Respondents.— In an action alleging unlawful arrest and imprisonment, order granting defendants' motion to strike out the denials in plaintiff's reply affirmed in so far as an appeal is taken, and order granting defendants' motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements to respondents; one bill of costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

JOHN HOLDSWORTH and HARRY HOLDSWORTH, Copartners Doing Business under the Firm Name and Style of HOLDSWORTH BROS., Respondents, v. CHARLES T. WILLS, INCORPORATED, Appellant.— In an action to recover the unpaid balance on a plastering contract and for extra work, judgment modified by striking out the separate amounts awarded to plaintiffs and substituting therefor an award to plaintiffs of $10,380.73 plus $216.42 costs, a total of $10,597.15, and as thus modified judgment, in so far as an appeal is taken therefrom, unanimously affirmed, with costs to appellant. We find the balance due on the contract, less proper credits, to be $10,380.73. Under the contract, plaintiffs were not authorized to furnish extra material and labor without a written order and certificate, and none were obtained. However, we have examined the evidence and we do not find that plaintiffs have established the performance of the work for which extra compensation is claimed. Interest should not be allowed on sums which the appellant had a right to retain under the contract. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

WILLIAM HUGHES, Respondent, v. JOHN H. RYDER, Appellant.— Order granting plaintiff's motion to restore the case to the trial calendar and denying defendant's cross-motion to dismiss for failure to prosecute affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur. [See *ante*, p. 675.]